United States District Court

For the Northern District of California

1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8    ADRIAN MOON,                                No. C 14-1638 SI (pr)

9              Plaintiff,                        **ORDER TO SHOW CAUSE WHY
                                                 PAUPER STATUS SHOULD NOT BE**
10        v.                                     **REVOKED**

11   EDMUND G. BROWN; et al.,

12             Defendants.

13   _____/

14

15        Adrian Moon, a prisoner at the California Correctional Institute in Tehachapi, filed a civil

16   rights complaint under 42 U.S.C. § 1983, and applied to proceed *in forma pauperis* under 28

17   U.S.C. § 1915.

18        A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the

19   prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

20   an action or appeal in a court of the United States that was dismissed on the grounds that it is

21   frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

22   prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section

23   1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the

24   statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

25        For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state

26   a claim on which relief may be granted" parallels the language of Federal Rule of Civil

27   Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that

28   is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious"

refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Moon has filed many cases in the several federal courts in California does not alone warrant dismissal under § 1915(g).  *See id.*  Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  *Id.  Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  *See id.* at 1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in plaintiff's prior prisoner actions and appeals reveals that he has had at least three such actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  The qualifying cases include:  (1) *Moon v. Johnson*, C. D. Cal. No. 12-632-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim); (2) *Moon v. Johnson*, C. D. Cal. No. 12-1514-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim); (3) *Moon v. Johnson*, C. D. Cal. No. 12-4972-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim); (4) *Moon v. Baca*, C. D. Cal. No. 12-5754-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim); and (5) *Moon v. Baca*, C. D. Cal. No. 12-7697-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim).  The

United States District Court
For the Northern District of California

Ninth Circuit already has agreed with the Central District of California's conclusion that Moon has three qualifying dismissals. *See Moon v. Baca*, Ninth Cir. No. 12-56630 ("the district court correctly determined that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted"). Earlier this year, the Ninth Circuit took the highly unusual step of imposing a pre-filing review order on Moon's appeals because of Moon's "practice of burdening this court with meritless litigation." *See In re. Moon*, Ninth Cir. No. 14-80006 (docket # 3 (January 24, 2014 order to show cause) and docket # 5 (March 12, 2014 pre-filing review order)).

In light of these dismissals, and because Moon did not appear to be under imminent danger of serious physical injury when he filed the complaint, he is ORDERED TO SHOW CAUSE in writing filed no later than **June 13, 2014,** why *in forma pauperis* should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why each action should not be dismissed, Moon may avoid dismissal by paying the full $400.00 filing fee by the deadline.

Plaintiff's "motion and declaration in support to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), imminent danger of serious physical injury/irreparable harm" is DENIED. (Docket # 2.) Plaintiff must file an *in forma pauperis* application using the court's form, and must submit the required certified copy of his inmate trust account for the last six months. *See* 28 U.S.C. § 1915(a). Even if pauper status is allowed and not rejected under § 1915(g), the plaintiff must still provide an *in forma pauperis* application, which plaintiff has not done. No later than **June 13, 2014**, plaintiff must file a completed and signed *in forma pauperis* application using the form included with this order. Failure to file the completed and signed *in forma pauperis* application will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: May 12, 2014

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

3