United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, | No. C 14-1638 SI (pr) |
| Plaintiff, | **ORDER FOR AMENDED COMPLAINT** |
| v. | |
| EDMUND G. BROWN; et al., | |
| Defendants. | |

## INTRODUCTION

Adrian Moon, a prisoner at the California Correctional Institute in Tehachapi, filed a civil rights complaint under 42 U.S.C. § 1983, and applied to proceed *in forma pauperis* under 28 U.S.C. § 1915. By separate order, the court has ordered plaintiff to show cause why pauper status should not be revoked. This order addresses plaintiff's other pending motions and the complaint.

## DISCUSSION

A.   The Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

*Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The entirety of the "Facts" section of plaintiff's complaint alleges: "All defendant and doe defendants 1 through 100, inclusive, willfully, collectively with gross deliberate indifference, with vicious evil, malicious adverse intent violated Plaintiffs (sic) 1st, 4th 5th, 6th, 8th, 9th and 14th amendment rights as guaranteed by the State and U.S. constitutions." Docket # 1 at 3. The complaint provides so little information that the court cannot determine whether it states a claim upon which relief may be granted or against whom a claim might be stated. That same dearth of information prevents the court from evaluating plaintiff's contention that, notwithstanding his many prior dismissals, he should be allowed to proceed as a pauper because he is under imminent danger. Plaintiff must file an amended complaint.

First, his amended complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Second, the complaint does not link any defendant to a legal claim. In his amended complaint, plaintiff must be careful to allege facts showing the basis for liability for each defendant for each of his legal claims. He should not refer to them as a group (e.g., "the

defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

B.      Miscellaneous Motions

Plaintiff's motion for appointment of counsel is DENIED. (Docket # 4.) A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident.

Plaintiff's motion for a temporary restraining order compelling defendants to release him from custody is DENIED. (Docket # 5.) Plaintiff is not entitled to a TRO or a preliminary injunction because he has completely failed to show a likelihood of success on the merits or that he is likely to suffer irreparable harm in the absence of preliminary relief. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest"); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting) (standard for issuing a TRO is similar to that required for a preliminary injunction).

3

Plaintiff's "ex parte application to executive committee for case assignment to lead related case Plata/Coleman et al." is DENIED. (Docket # 7.) The procedure for determining whether a case is a related case is set out in Local Rule 3-12, and Judge Henderson has already determined that this case is not related to the *Plata* case. *See Plata v.* Brown, Case No. C 01-1351 TEH at Docket # 2785.

## CONCLUSION

Plaintiff's complaint is dismissed with leave to amend. Plaintiff must file an amended complaint no later than **June 13, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action.

Plaintiff's motion for appointment of counsel, motion for a TRO and application to the executive committee for case assignment are DENIED. (Docket # 4, # 5, and # 7.)

IT IS SO ORDERED.

Dated: May 12, 2014

_____
SUSAN ILLSTON
United States District Judge