United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN MOON,

    Plaintiff,

    v.

EDMUND G. BROWN, JR.; et al.,

    Defendants.
                                    /

No. C 14-1638 SI (pr)

**ORDER OF DISMISSAL**

After frequent filer Adrian Moon filed this action, the court ordered him to show cause "why *in forma pauperis* [status] should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g)." Docket # 11 at 3. On the same date, the court ordered him to file an amended complaint to cure specified deficiencies in the original complaint. *See* Docket # 12. Plaintiff thereafter filed a couple of requests for miscellaneous relief, but did not respond to the order to show cause or file an amended complaint. The court then issued an order in which it (a) explained that the "first order of business in this case is for plaintiff to comply with the May 12 2014 orders to file an amended complaint and response to the order to show cause," (b) extended the deadline for those filings until July 25, 2014, and (c) stated that it would "not entertain any other applications, requests, or motions until after plaintiff has filed those documents and after the court determines (if it does) that plaintiff can proceed as a pauper and that he has a viable amended complaint." Docket # 15. Thereafter, plaintiff did not file a response to the order to show cause and did not file an amended complaint, but filed several documents, including a recusal motion the court must address first.

A. <u>Recusal Motion</u>

Plaintiff has moved for recusal of the undersigned. (Docket # 16). This is the latest one of many recusal motions against various judges, including the undersigned.[1] Plaintiff urges that recusal is necessary because (a) the undersigned made rulings adverse to him in this action; (b) the undersigned "meddle[d]" in an unstated way in plaintiff's efforts to file documents in a Ninth Circuit case in which he was not a party; and (c) according to a newspaper article he has found, a U.S. District Judge from the Northern District of Illinois disagreed with the undersigned on a point of antitrust law in a case on which the undersigned had made a pretrial ruling. *See* Docket # 16 at 3.

Recusal is the process by which a federal judge may be disqualified from a given case. Motions to recuse a district judge are governed by two statutes, 28 U.S.C. § 144 and § 455. Section 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." Section 455 also provides grounds for disqualification, and requires a judge to disqualify herself in any proceeding in which her impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976). Plaintiff's recusal request does not meet the legal sufficiency requirement of § 144 because the allegations of bias are conclusory. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit inadequate when based on conclusory

---

[1] *See, e.g.,* Docket # 26 in *Moon v. Mullin*, E. D. Cal. Case No. 2:11-cv-3277 EFB (post-judgment motion for recusal filed September 14, 2012); Docket # 25 in *Moon v. Aquino*, E. D. Cal. Case No. 1:13-cv-681-LJO-DLB (post-judgment motion for recusal filed September 6, 2013); Docket # 42 and # 62 in *Moon v. Johnson*, E. D. Cal. Case No. 1:12-cv-096-GSA (motions for recusal filed November 5, 2012 and May 9, 2013); Docket # 37 in *Moon v. Reece*, E.D. Cal. Case No. 1:12-cv-1243-MJS; Docket # 24 and # 64 in *Moon v. Spearman*, C. D. Cal. Case No. 2:12-7211-RGK-DFM (motion for recusal filed October 18, 2012, and post-judgment motion filed April 29, 2013); Docket # 4 and # 21 in *Moon v. Spearman*, C. D. Cal. Case No. 2:12-8022-RGK-MLG (motion for recusal filed September 18, 2012, and post-judgment motion for recusal filed October 18, 2012); Docket #24 in *Moon v. Truett*, N. D. Cal. Case No. 13-2721 (order denying post-judgment request for recusal).

1 allegations of bias); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) 2 (district judge correctly rejected disqualification motion as legally insufficient and had no duty 3 to refer it to another judge because the alleged bias or prejudice did not arise from an 4 extrajudicial source). Further, with regard to the newspaper article, the recusal request is absurd: 5 no "reasonable person" would perceive "significant risk that the judge will resolve the case on 6 a basis other than the merits" based on the fact that two district judges disagree on a point of 7 antitrust law. *See Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d 1175, 1178 8 (9th Cir. 2005) ("'reasonable person' in this context means a 'well-informed, thoughtful observer,' 9 as opposed to a 'hypersensitive or unduly suspicious person'").

10 It is abundantly clear that the recusal motion is just part of plaintiff's campaign to steer 11 his case to Judge Henderson.[2] Judge-shopping is not a legitimate use of the recusal process and 12 the court will not recuse just to accommodate a litigant who wants to appear before another 13 judge. "[A] judge has 'as strong a duty to sit when there is no legitimate reason to recuse as [she] 14 does to recuse when the law and facts so require.'" *Id.* at 1179 (quoting *Nichols v. Alley*, 71 F.3d 15 347, 351 (10th Cir. 1995)). The recusal request is legally insufficient to require recusal or even 16 a referral to another judge to consider it. The recusal request is DENIED. (Docket # 16.)

17

18 B.     Failure To File An Amended Complaint

19 When it ordered plaintiff to file an amended complaint, the court explained that the 20 "complaint provides so little information that the court cannot determine whether it states a claim 21 upon which relief may be granted or against whom a claim might be stated. That same dearth 22 of information prevents the court from evaluating plaintiff's contention that, notwithstanding his 23 many prior dismissals, he should be allowed to proceed as a pauper because he is under 24 imminent danger." Docket # 12 at 2. The court instructed plaintiff to file an amended complaint 25 with a short and plain statement of the claim showing that he is entitled to relief, and to link

---

[2] Judge Henderson has declined to relate this action to the *Plata* prison conditions class action. *See* Docket # 8. Nonetheless, plaintiff has persisted in his efforts to have it related. *See, e.g.,* Docket # 9, # 23.

3

defendant(s) to each of his claim(s). *Id.* at 2-3. The court also cautioned that "[f]ailure to file the amended complaint will result in the dismissal of the action." *Id.* at 4. As noted earlier in this order, when plaintiff filed several requests for miscellaneous relief instead of the required amended complaint and response to the order to show cause, the court issued another order making it clear that plaintiff had to file the amended complaint and response to the order to show cause before the court could consider any other requests. *See* Docket # 15.

Plaintiff failed to file an amended complaint, and the extended deadline by which to do so has long passed. Instead of attempting to prepare an amended complaint – even after the court explained that it would not entertain any motions until the amended complaint was filed – plaintiff filed numerous miscellaneous motions rather than an amended complaint. It would be futile to grant further leave to amend because the court has explained to plaintiff that he needed to file an amended complaint and he has refused to do so. Accordingly, this action is DISMISSED for failure to state a claim upon which relief may be granted. Without a viable pleading, the court cannot determine whether § 1915(g) bars pauper status, and therefore terminates the order to show cause without prejudice to issuing a similar order to show cause in the next prisoner case plaintiff files.

Plaintiff is informed that, if he wishes to complain about the conditions of confinement at the California Correctional Institute in Tehachapi, the proper district in which to file the action is the U.S. District Court for the Eastern District of California.

In light of the dismissal of this action, all pending motions and applications are DENIED. (Docket #s 2, 16, 18, 19, 20, 21, 22, and 23.)

IT IS SO ORDERED.

Dated: September 9, 2014

_____
SUSAN ILLSTON
United States District Judge

4