UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, | No. C 14-1638 SI (pr) |
| Plaintiff, | **ORDER DENYING POST-JUDGMENT MOTIONS** |
| v. | |
| EDMUND G. BROWN, JR.; et al., | |
| Defendants. | |

Plaintiff, an incarcerated frequent filer, filed this civil rights action under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. On May 12, 2014, the court ordered plaintiff to file an amended complaint, and show cause why his *in forma pauperis* application should not be revoked under 28 U.S.C. § 1915(g), no later than June 13, 2014. On June 6, 2014, the court extended the deadline for plaintiff to file these documents to July 25, 2014. Plaintiff never filed either document, so this action was dismissed and judgment entered on September 9, 2014. Notwithstanding his failure to file the court-ordered documents, plaintiff filed numerous miscellaneous documents, mostly trying to steer his case to Judge Henderson, who had declined to relate this case to the *Plata* prison conditions class action. *See* Docket # 8.

A month after this action was dismissed, plaintiff filed "an ex parte application for striking and vacating judgment order of September 10, 2014 and filing of first amended verified complaint." Docket # 26. Plaintiff's motion to vacate the order of dismissal and to permit him to file a first amended complaint is DENIED. Docket # 26. The order of dismissal was correct, and plaintiff has not shown any reason under Federal Rule 60(b) to set it aside. Plaintiff chose

1  to spend his time preparing miscellaneous requests (*see, e.g.,* Docket #s 13, 14, 18, 19, 21, 22,
2  and 23) rather than preparing the amended complaint and response to the order to show cause.
3  That was an unwise choice, especially after the court specifically informed him that it would
4  "not entertain any other applications, requests, or motions until after plaintiff has filed those
5  documents and after the court determines (if it does) that plaintiff can proceed as a pauper and
6  that he has a viable amended complaint." *See* Docket # 15. Rule 60(b) does not require the
7  court to set aside a dismissal when the dismissal was the result of the plaintiff's deliberate choice
8  not to comply with the court's orders.

9        The court notes that plaintiff wants to include the undersigned as a defendant in his first
10 amended complaint, mostly based on rulings in this action. This seems to be a last ditch effort
11 to get his case reassigned to Judge Henderson. Since the action will not be reopened and the first
12 amended complaint will not be permitted, the undersigned never became a party to this action
13 and recusal is not needed in this closed case. (The court earlier denied a recusal motion from
14 plaintiff, a seasoned filer of recusal motions against many different judges. *See* Docket # 24 at
15 2-3 & n.1.) If plaintiff wants to file a new action against the undersigned, he may do so by filing
16 a new civil complaint and a new *in forma pauperis* application. He should leave the case
17 number blank, so that the clerk can assign a new case number when the complaint is filed.

18       Plaintiff's "ex parte application for notice of filing emergency motion under Circuit Rule
19 27-3 pending related appeals. Local Rule 7.13 submitted matters on appeal" is DENIED.
20 Docket # 28. The application generally doesn't make sense. Notice is not appropriate under
21 Local Rule 7.13 because there is no motion or other matter that has been under submission in
22 this action for more than 120 days. Insofar as plaintiff is asking for permission to give this court
23 notice of what he is filing in the Ninth Circuit, he does not need to file an application to do so.
24 Plaintiff also does not need to give this court notice of what he is doing in the Ninth Circuit. If

2

this court has a need to see what is occurring in a case pending in the Ninth Circuit, this court can look at the Ninth Circuit's docket.

IT IS SO ORDERED.

Dated: October 30, 2014

_____
SUSAN ILLSTON
United States District Judge